UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RYAN WHEAT,

    Petitioner,

        v.                     CAUSE NO. 3:20-CV-754-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Ryan Wheat, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-20-1-363) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of engaging in security threat group activity in violation of Indiana Department of Correction Offense 208. Following an administrative appeal and a rehearing, he was sanctioned with a loss of sixty days earned credit time and a demotion in credit class.

Wheat argues that he is entitled to habeas relief because the hearing officer lacked sufficient evidence for a finding of guilt. He contends that the witness statements indicated that he was not involved in the battery incident and that he is not associated with any of the security threat groups of the inmates involved.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's

> guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

The administrative record includes a conduct report in which a correctional officer represents that he reviewed a video surveillance recording and saw Wheat position himself in front of a cell as a guard as an inmate was assaulted in the cell along with other inmates who were members of security threat groups . ECF 12-1. The administrative record also includes an investigative file and the video surveillance recording, which are consistent with the conduct report.[1] ECF 13, ECF 24. The investigative report further states inmates as members of security threat groups initiated the assault as part of an ongoing scheme to extort the victim for money. The conduct report, the investigative file, and the video surveillance recording constitute some evidence that Wheat engaged in security threat group activity. While the administrative record also includes statements from other inmates representing that Wheat was not involved with the battery, the hearing officer was not required to credit these statements. Further, while Wheat may not be a member of the security threat groups with the inmates who assaulted the victim and initiated the extortion scheme, an inmate's membership in a security threat group is not required for that inmate to assist other inmates in engaging in a security threat group activity. In other words, Offense

---

[1] The Warden, by counsel, filed a motion to file the video recording ex parte and under seal. ECF 22. The court agrees that this evidence contains sensitive information and that disclosure could be harmful to other individuals or compromise the security of the facility and grants this motion. *See Piggie v. Cotton*, 344 F.3d 674, 679 (7th Cir. 2003); *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1078 (7th Cir. 1994); *Wells v. Israel*, 854 F.2d 995, 999-1000 (7th Cir. 1988).

2

208 does not require membership as an element of the offense. ECF 12-15. Therefore, the claim that the hearing officer did not have sufficient evidence is not a basis for habeas relief.

Wheat argues that he is entitled to habeas relief because correctional staff did not allow him to obtain a witness statement from the victim. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.*

On February 4, 2020, Wheat was screened for the initial hearing, and he requested a statement from the victim whom he identified by nickname. ECF 12-3. At the rehearing on April 4, 2020, correctional staff declined to give Wheat a continuance to obtain the victim's name, finding that Wheat had had ample time to identify the victim. ECF 11-4. The record reflects a well-founded concern for risk of reprisal against a recent victim of extortion and assault and also reflects that the request for a statement was untimely. ECF 12-5, ECF 14. Further, the denial of these requests was harmless because the administrative record included the investigative file, which, in turn, included

correctional staff's efforts to obtain statements from the victim.[2] Therefore, the claim that Wheat was not allowed to present evidence is not a basis for habeas relief.

Wheat argues that the sanctions imposed were excessive because he received harsher sanctions following the rehearing. "A federal court will not normally review a state sentencing determination [that] falls within the statutory limit." *Koo v. McBride*, 124 F.3d 869, 875 (7th Cir. 1997). According to departmental policy, inmates found guilty of aiding and abetting battery may be sanctioned with up to the loss of six months earned credit time and one demotion in credit class. Indiana Department of Correction, The Disciplinary Code for Adult Offenders, Policy No. 02-04-101 (effective March 1, 2020).[3] Because the sanctions were within the parameters set forth by departmental policy, the claim regarding excessive sanctions is not a basis for habeas relief.

Because Wheat has not asserted a valid claim for habeas relief, the habeas petition is denied. If Wheat wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

---

[2] On March 1, 2021, the court granted the Warden leave to file the investigative file under seal for safety and security concerns. ECF 16.

[3] This policy is available at https://www.in.gov/idoc/files/02-04-101-ADP-3-1-2020.pdf.

4

(1) GRANTS the motion to file evidence ex parte and under seal (ECF 22); and

(2) DIRECTS the clerk to maintain the exhibit under seal and to refrain from disclosing them to the public or to the petitioner;

(3) DENIES the habeas corpus petition (ECF 1);

(4) DIRECTS the clerk to enter judgment and close this case; and

(5) DENIES Ryan Wheat leave to proceed in forma pauperis on appeal.

SO ORDERED on October 18, 2021

s/ Michael G. Gotsch, Sr.  
Michael G. Gotsch, Sr.  
United States Magistrate Judge